IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HECTOR SAMUEL TORRIJOS,** | : | **CIVIL NO. 1:14-CV-0132** |
| **Petitioner** | : | |
| **v.** | : | |
| **IMMIGRATION AND NATURALIZATION SERVICE,** | : | |
| **Respondent** | : | |

# **M E M O R A N D U M**

On January 24, 2014, Petitioner, Hector Samuel Torrijos, filed a petition for a temporary restraining order (Doc. 1). Torrijos seeks to restrain the Immigration and Naturalization Service ("INS") from removing him from the United States. There is no order of removal of which this court is aware. Torrijos also appears to be appealing the denial by United States Citizenship and Immigration Service ("ICE") of his application for citizenship. By order dated February 28, 2014 (Doc. 6), Torrijos was directed to file an amended complaint, which he has done (Doc. 7), but again seeks only a temporary restraining order.

In his amended document, it appears that his request for a temporary restraining order is to prevent his deportation. Upon court inquiry to ICE, it has been determined that Torrijos was ordered removed on August 6, 2010. A claim for asylum is apparently pending. It does not appear that removal is imminent. One of the elements to be considered for a temporary restraining order to be issued is that the harm or irreparable injury must be imminent. *Acierno v. New Castle County*, 40

F.3d 645, 653 (3d Cir. 1994).  For this reason alone, the instant petition for a temporary restraining order can be dismissed.

If, in fact, the petition for a temporary restraining order seeks to prevent deportation, his petition should be filed with the United States Court of Appeals for the Third Circuit.  The exclusive means to challenge an order of removal is the petition for review process.

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section *shall be the sole and exclusive means* for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e) of this section.

8 U.S.C. § 1252(a)(5) (emphasis added).

Title 8 U.S.C. § 1252(b)(9), sometimes referred to as a "zipper" clause, consolidates all "questions of law and fact . . . arising from any action or proceeding brought to remove an alien" into a petition for review.  *Martinez v. Napolitano*, 704 F.3d 620 (2012), citing *Singh v. Gonzales*, 499 F.2d 969, 976 (9th Cir. 2007).  Torrijos' Application for Certificate of Citizenship is an effort to preclude deportation and should be part of any petition for review before the court of appeals.

It appears that Torrijos did not exhaust his administrative proceedings in the denial of his Application for Certificate of Citizenship.  The Notice of Denial was dated April 2, 2013.  He was advised in that notice of his right to appeal that decision. (Doc. 1 at p.7.)  This court has no way of knowing if he appealed that decision.

It also appears that this case is still in administrative proceedings. In Torrijos' amended petition for a temporary restraining order, he claims that he has recently filed for asylum. (Doc. 7 at p. 5.)

It is the opinion of this court that it does not have jurisdiction over this matter for the following reasons: (1) proceedings involving Torrijos may be on going in the administrative level; (2) no final order of deportation has been issued; and (3) if Torrijos is seeking to prevent deportation, jurisdiction lies with the United States Court of Appeals for the Third Circuit. Thus, the petition will be denied. An appropriate order will be issued.

                 s/Sylvia H. Rambo
                 United States District Judge

Dated: April 2, 2014.